CALOGERO, Justice,
concurring.
I subscribe to the majority opinion with one exception.
While I agree that the contingency fee contract as written by the attorney and construed (in its ambiguity) against the attorney, does not contemplate reimbursement of costs except out of moneys collected on the judgment, I do not agree with the majority’s assertion that a reduction in the lawyer’s risks in this case, by assuring recovery of costs from the client irrespective of success, is not reflected in the 33V3%, 40%, 50% contingency fee. Had she been clear and specific in the contract, this attorney could well have reasonably charged these contingency percentages and contracted to be reimbursed her out of pocket costs irrespective of successful collection, especially in this case where the debtor was uninsured. The reduction of the attorney’s risk because of guaranteed expense reimbursement might well be reflected even in a straight 50% contingency contract (or better yet, in his even agreeing to take the case at all) where the tortfeasor/prospective debtor is uninsured.